### FORTIS BANK (NEDERLAND) N.V., Plaintiff,

### Massachusetts Port Authority, et al., Intervenor Plaintiffs

### v.

### M/V SHAMROCK and Copropriete Du Navire Shamrock, Defendants

### and

### Comatrans, S.A. SP Container Line SA, and SNC Shamrock Gestion, Parties–in–Interest.

### No. CIV.04–147–P–S.

United States District Court, D. Maine.

Sept. 13, 2004.

Peter S. Plumb, Murray, Plumb & Murray, Sarah A. McDaniel, Murray, Plumb & Murray, Thomas C. Newman, Murray, Plumb & Murray, Portland, ME, for Fortis Bank (Nederland) NV.

Michael J. Rauworth, Cetrulo & Capone, Nancy Kelly, Cetrulo & Capone, Boston, MA, R. Terrance Duddy, Kelly, Remmel & Zimmerman, U. Charles Remmel, II, Kel-

ly, Remmel & Zimmerman, John G. Osborn, Bernstein, Shur, Sawyer, & Nelson, Wendy J. Paradis, Bernstein, Shur, Sawyer, & Nelson, Marshall J. Tinkle, Tompkins, Clough, Hirshon & Langer, Michael X. Savasuk, Law Office of Michael X. Savasuk, Thomas J. Van Meer, Van Meer & Belanger, P.A., Elizabeth L. Boynton, City of Portland, Portland, ME, for Massachusetts Port Authority, Cerescorp Company, Boston Pilot Association LLC, Boston Line & Service Company, Inc., Halterm Limited, Atlantic Electronics Limited, Union Oil Co of Maine, Michel Remond, Jerzy Rejman, Krzysztof Skarzewski, Boguslaw Silwa, Grzeslaw Bator, Jean Louis Audoux, Andrzej Zielinski, Mariusz Drelinkiewicz, Romuald Kolakowski, Mieczyslaw Zablotny, Garry Heudes, Przemyslaw Czapla, Yves Champdoizeau, Thierry Beaupertuis, Portland Pilots, Inc., City of Portland, Intervenor Plaintiffs.

Michael Kaplan, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, ME, for M/V Shamrock, Copropriete Du Navire Shamrock, Defendants.

### *ORDER FOR THE INTERLOCUTORY SALE OF THE M/V SHAMROCK*

SINGAL, Chief Judge.

Before the Court is the Expedited Motion of Fortis Bank (Nederland) N.V. for Interlocutory Sale of the M/V Shamrock (Docket # 70). The Court received status reports from the parties and held a hearing on this request for relief on September 13, 2004.

Pursuant to Supplemental Rule E(9)(b) and for good cause shown in accordance with Supplemental Rule E(9)(b)(i)(B) & (C), the Court hereby ORDERS that the M/V Shamrock be sold by the United

---

**6.** The court's docket does not disclose whether there was to be a plea agreement, and I  have no independent recollection.

States Marshal at public auction and that the proceeds from the sale be deposited in the registry of the Court to await further order of this Court.

The United States Marshal is hereby ORDERED to utilize the following procedures in conducting the sale:

### Location of the Sale & Prior Notice

The sale shall be held by public auction to be conducted on *Friday, November 12, 2004* at 2:00 p.m. The location of the auction shall be: the steps of the Edward T. Gignoux Federal Courthouse, located at 156 Federal Street, Portland, Maine.

Prior to the public auction, a Notice of United States Marshal's Sale shall be published in the following publications:

(1) The Portland Press Herald,

(2) The Wall Street Journal,

(3) The London Times, and

(4) The New York Times.

All Notices shall be published within twenty-one (21) days prior to the sale. As long as the publication schedule permits, the Notice shall run in each publication at least three (3) times prior to sale. Such Legal Notice shall include all of the information contained in the Notice of United States Marshal's Sale attached to this Order.

Prior to the public auction, the United States Marshal may, in coordination with the substitute custodian, arrange for viewing of the ship by potential bidders over a set three (3) day "open house" period from October 26–28, 2004, which dates are subject to minor modification for the convenience of the Marshal and the substitute custodian. At the discretion of the substitute custodian, persons desiring to board the vessel for such viewing may be required to execute documents that bar or limit their right to recover for personal injury incurred in boarding and/or viewing the ship.

### Conduct of the Sale

The sale shall be conducted by the Marshal as a public auction in United States Dollars (USD), with a starting bid of $5,000,000.00 and bid increments of $50,000.00.

In order to participate in the bidding, the bidder must tender a certified check for $200,000.00 payable to the United States Marshals Service to be held by the Marshal during the auction, with said check to be returned to the bidder at the end of the auction if the bidder is not the successful bidder. Within five (5) business days, the successful bidder shall increase the amount on deposit with the United States Marshals Service to ten percent (10%) of the successful bid. The remaining balance shall be paid within ten (10) business days following the approval of the bid by the Court or thirty (30) calendar days from the auction dated, whichever is later. All payments by the successful bidder shall be made by wire transfer, certified check or cashier's check.

Any credit bids by Fortis Bank will also be accepted, provided that Fortis in addition shall pay or make provision for those claims then on file in this litigation that are alleged to be superior in priority to Fortis' preferred ship mortgage pursuant to 46 U.S.C. § 31326, such amounts to be paid either in cash or by deposit of security in the Court registry.

The successful bidder shall be required to pay the balance within three (3) days after the day on which the bid is accepted and shall be responsible for costs of keeping the vessel from the date that the bid is accepted.

If the successful bidder does not pay the balance of the purchase price within the time allowed, the bidder will be deemed to be in default. In such a case, the Marshal may accept the second highest bid or ar-

range a new sale. The defaulting bidder's deposit shall be forfeited and applied to any additional costs incurred by the Marshal because of the default, the balance being retained in the registry of the Court awaiting its order.

### Objection to and Confirmation of Sale

Any interested person may object to the sale by filing a written objection within three (3) days following the date of auction and acceptance of the successful bid. Any objection shall be served on all parties of record, the successful bidder and the United States Marshal. Anyone filing an objection is required to deposit with the United States Marshals Service a sum that is sufficient to pay the expense of maintaining the ship for at least seven (7) days. Payment to the Marshal shall be made by wire transfer, certified check or cashier's check.

The sale shall be confirmed by Order of this Court within five (5) business days but no sooner that three (3) business days after the sale unless an objection to the sale has been filed, in which case the Court shall hold a hearing on the confirmation of the sale. The United States Marshal shall transfer title to the purchaser upon order of the Court and receipt of the entire amount due under the bid.

If an objection to the sale is sustained, sums deposited by the successful bidder will be returned forthwith. The sum deposited by the objector will be applied to pay the fees and expenses incurred by the Marshal in keeping the property until it is resold, and any remaining balance shall be returned to the objector. The objector will be reimbursed for the expense of keeping the vessel from the proceeds of the subsequent sale.

### Deposit of Proceeds from the Sale

All proceeds from the sale shall be forthwith paid into the registry of the Court and shall be disposed of by further order of the Court upon resolution of the merits of this litigation and in accordance with the relevant law.

SO ORDERED.